```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

LAVERNE SYDELLE JACOBS and         *
BOBBY LEE JACOBS,
                                   *
        Plaintiffs,
                                   *
vs.
                                   *   CASE NO. 4:05-CV-139 (CDL)
ADT SECURITY SERVICES, INC.,
TYCO FIRE AND SECURITY, and        *
TYCO SAFETY PRODUCTS, US, INC.,
                                   *
        Defendants.
                                   *

O R D E R

Presently pending before the Court is Defendants' Motion for Summary Judgment (Doc. 2) based on a contractual limitations clause. For the following reasons, Defendants' motion is granted.

BACKGROUND

On April 19, 2003, Plaintiffs Laverne and Bobby Jacobs entered into a contract with ADT Security Services, Inc., ("ADT") for the installation of a security system and security monitoring services for Plaintiffs' property. On July 17, 2003, Plaintiffs' property was severely damaged by a fire. Plaintiffs, *pro se*, filed this action on October 24, 2005, alleging that the ADT security and monitoring system failed to function properly and failed to notify authorities of the July 2003 fire. Additionally, Plaintiffs claim that at some point after the fire, ADT removed the security system for inspection, but have refused to return the system or provide the results of the

inspection. Plaintiffs, therefore, claim that ADT is strictly liable under O.C.G.A. § 51-1-11 for the damage to Plaintiffs' property. Defendants have moved for summary judgment claiming that Plaintiffs' failure to bring this action within the one year contractual limitation period bars recovery.

## DISCUSSION

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Here, Defendants do not dispute any of Plaintiffs' factual allegations.  Instead, Defendants claim that they are entitled to summary judgment because, as a matter of law, the action is barred by the contractual limitations clause which states that "YOU AGREE TO FILE ANY LAWSUIT OR OTHER ACTION YOU MAY HAVE AGAINST US OR OUR AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES OR PARENT COMPANIES WITHIN ONE (1) YEAR FROM THE DATE OF THE EVENT THAT CAUSED THE LOSS, DAMAGE OR LIABILITY." (Compl. Ex. A.)

"It is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by state or public policy, and injury to the public interest clearly appears." *Tahoe-Vinings v. Vinings Partners*, 205 Ga. App. 829, 831, 424 S.E.2d 30, 31 (1992) (quotation marks and citations omitted).

2

Specifically, "Georgia courts have permitted parties to contract as to a lesser time limit within which an action may be brought so long as the period fixed [is] not so unreasonable as to raise a presumption of imposition or undue advantage in some way." *Gen. Elec. Credit Corp. v. Home Indem. Co.*, 168 Ga. App. 344, 348, 309 S.E.2d 152, 156 (1983) (internal quotation marks and citation omitted). Additionally, "one who signs a contract is presumed to know its contents . . . ." *Brinson v. Martin*, 220 Ga. App. 638, 639, 469 S.E.2d 537, 539 (1996) (internal quotation marks and citations omitted).

There is no evidence that a one year contractual limitation period, as contracted to here, is unreasonable. Furthermore, Plaintiffs have not argued, nor have they presented any evidence to support an argument, that the contractual limitation should be tolled or that the Defendants should be equitably estopped from relying on the contractual limitations period. Therefore, the one year contractual limitation period is enforceable.

It is undisputed that the event that caused Plaintiffs' loss, the fire, occurred on July 17, 2003. It is further undisputed that Plaintiffs did not file this action until October 24, 2005—more than two years after that event. Plaintiffs' action is therefore barred as a matter of law by the contractual limitations clause. Consequently, Defendants are entitled to summary judgment.

CONCLUSION

Defendants' Motion for Summary Judgment (Doc. 2) is granted.

IT IS SO ORDERED, this 26th day of September, 2006.

                                              S/Clay D. Land
                                                 CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE